UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN T. A.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. 3:22-CV-5948-DWC<br><br>ORDER AFFIRMING DEFENDANT'S DECISION DENYING BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his applications for social security insurance (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversable error and affirms the Commissioner's decision to deny benefits.

## I. BACKGROUND

Plaintiff filed an application for SSI in May 2020, alleging disability since October 1, 2020, which he later amended to May 27, 2020. Administrative Record (AR) 21, 249-250. Thus, the relevant period is May 27, 2020 (when Plaintiff applied for disability benefits) through

October 27, 2021 (the date of the ALJ's decision). His application was denied initially and upon reconsideration, so a telephonic hearing was held before an administrative law judge (ALJ) on August 19, 2021, at which Plaintiff was represented and testified. AR 38-80. On October 27, 2021 the ALJ issued a written decision denying Plaintiff's claim. AR 18-37. The Appeals Council then denied Plaintiff's request for review, making the ALJ's decision final. AR 2-7.

Because it is relevant to issues in the case at bar, the Court notes that this claim was one in a series of disability claims Plaintiff has filed over the years, all of which were denied. In July 2019 Plaintiff appealed a past denial to the United States District Court for the Western District of Washington (this Court), which this Court affirmed. AR 161-175. Plaintiff then appealed to the Ninth Circuit, which issued a memorandum decision on February 17, 2021 affirming this Court's decision. AR 176-187.

## II. THE ALJ'S FINDINGS

At step one the ALJ found he was unable to determine the extent to which Plaintiff had engaged in under-the-table during the relevant period (May 27, 2020 through October 27, 2021) and therefore decided Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of May 27, 2020. AR 24.

The ALJ found Plaintiff has the severe impairments of major depressive disorder, generalized anxiety disorder, and borderline intellectual functioning. AR 24-25.

The ALJ found the combination of Plaintiff's impairments do not meet or equal any Listed Impairment. AR 25-26.

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels, except:

> [h]e can perform simple routine repetitive tasks in a work environment free of fast-paced production requirements, involving only simple work-related decisions, and

with few, if any, workplace changes. He can have no contact with the public. He can have occasional superficial contact with coworkers that does not require team tasks.

AR 27.

The ALJ found that a person of Plaintiff's age, with his education, work experience, and RFC, could perform jobs existing in significant numbers in the national economy such as Industrial Cleaner, Hospital Cleaner, and Stores Laborer. AR 32-33.

### III. STANDARD

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). However, the Commissioner's decision must be affirmed if it is supported by substantial evidence and free of harmful legal error. 42 U.S.C. § 405(g); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The Supreme Court describes it as "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

### IV. DISCUSSION

**A. Plaintiff's Testimony**

Plaintiff argues the ALJ improperly rejected his testimony.

1. The ALJ's Findings

The ALJ determined that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were not consistent with the medical evidence or other evidence in the record. AR 27. The ALJ found the medical evidence indicated Plaintiff's depression and anxiety were well controlled with Zoloft and mental-health therapy and that he "demonstrated an unremarkable mood and affect" (AR 28-30, 372, 377, 390, 401, 402, 469, 471, 472-473). AR 29. However, the ALJ also found evidence that Plaintiff "failed to take Zoloft as directed/prescribed and discontinued medication management despite a long history of responding well to his regimen" (AR 377, 399, 457, 473, 477). AR 29-30. The ALJ further found no "medical evidence in the record to corroborate [Plaintiff's] claim of serious side effects on his medication." *Id*. Therefore, the ALJ concluded that Plaintiff's mental health treatment non-compliance "strongly indicates that his mental health symptoms are not as debilitating as claimed." AR 30.

Next, the ALJ found evidence in the record indicating Plaintiff made inconsistent statements regarding his work history. AR 29. Plaintiff testified at his hearing that he had not worked since 2012 and on his disability application he indicated he stopped working due to his physical and mental health issues, which affected his ability to complete work demands, concentrate, and comprehend information. *Id*. However, the ALJ found Plaintiff actually performed "under-the-table yardwork" during the relevant period and the real reason he stopped working in 2012 was that he felt dissatisfied with the temporary nature of the work and low rate of pay. *Id*. (citing AR 473-74, 477, 481). The ALJ concluded that these inconsistent statements "weaken the overall reliability of [Plaintiff's] allegations" and "greatly suggests that his symptoms are not as debilitating as alleged." *Id*.

Finally, the ALJ found Plaintiff's "active and functional" personal life belied his claimed difficulty functioning due to shortness of breath, low energy, and inability to sit, stand, or walk

for prolonged periods. AR 30. Specifically, the ALJ noted Plaintiff's activities of daily living included "living independently with minimal difficulties, which include managing self-care, cooking, performing household chores and yardwork, using public transportation, shopping, visiting the food bank, and dealing with finances", as well as "hobbies like crocheting, reading, and fishing" and socializing with friends. AR 30 (citing AR 280-282, 362, 366, 368, 370, 373, 394-395, 400-401, 461, 469, 477).

### 2. Testimonial Evidence Standard

"The ALJ conducts a two-step analysis to assess subjective testimony where, under step one, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of symptom." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation and internal quotation marks omitted). "If the claimant meets this threshold and there is no affirmative evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

When assessing a claimant's credibility the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may also consider if a claimant's complaints are "inconsistent with clinical observations[.]" *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998).

However, affirmative evidence of symptom magnification, or malingering, relieves an ALJ from the burden of providing specific, clear, and convincing reasons for discounting a claimant's testimony. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *Morgan v. Comm'r*

1  *of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999); *Berry v. Astrue*, 622 F.3d 1228, 1235

2  (9th Cir. 2010) (upholding finding where ALJ "pointed to affirmative evidence of malingering").

3  Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d

4  639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination.

5  *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a

6  credibility determination where that determination is based on contradictory or ambiguous

7  evidence. *Id*. at 579.

8      3.  <u>Analysis</u>

9      Plaintiff argues the ALJ's assessment of his testimony is erroneous in the following

10 particulars: (1) by failing to "properly evaluate the medical evidence from [Plaintiff's] many

11 examining psychologists"; (2) by finding his under-the-table work and reports about why he

12 stopped working in 2012 weakened his overall reliability as these are not significant

13 inconsistencies; (3) by concluding Plaintiff's medical non-compliance indicates his mental health

14 symptoms are not as severe as he claims given he allegedly has "very limited insight into his

15 treatment, due in part to his borderline intelligence"; and, (4) by finding Plaintiff had an active

16 and functional personal life that belied much of his testimony as "none of his activities meet 'the

17 threshold for transferable work skills,' and none of his activities show that he could perform any

18 type of full-time competitive work on a sustained basis". Dkt. 10 at 9-11.

19     Defendant responds as follows: (1) The ALJ properly applied the agency's regulations

20 and case law to conclude the objective medical evidence belied Plaintiff's allegations about the

21 severity of his symptoms and limitations, particularly with regard to his claim about being unable

22 to work due to extreme depression and anxiety. Dkt. 15 at 12 (citing *Wellington v. Berryhill*, 878

23 F.3d 867, 876 (9th Cir. 2017) ("evidence of medical treatment successfully relieving symptoms

24 can undermine a claim of disability")). (2) The ALJ properly discounted Plaintiff's symptom

testimony due to inconsistencies in his reports about why he stopped working in 2012 and due to his ongoing work for friends during the relevant period. *Id*. (citing 20 C.F.R. § 416.929(c)(4); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)(the ALJ can properly consider inconsistencies in the claimant's testimony); *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021) (the ALJ properly discounted the claimant's symptom testimony where his previous employment was terminated due to funding issues rather than poor performance related to his symptoms); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (affirming the ALJ's rejection of the claimant's allegations of disability where the claimant left his job because he was laid off, rather than because he was injured)). (3) The ALJ appropriately discounted Plaintiff's claims of disabling mental health symptoms due to Plaintiff's non-compliance with prescribed treatment, as it stemmed from personal preference and not his mental impairments or any medically documented side-effects. *Id*. (citing *Molina*, 674 F.3d at 1114). (4) The ALJ reasonably found Plaintiff's claims were inconsistent with his admissions about being "quite active and functional in his personal life" as Plaintiff acknowledged he was able to work for a friend, search for other employment, and considered enrolling in school for culinary arts during the relevant period, in addition to spending time with his girlfriend and other friends, caring for himself and his pet, preparing meals, using public transportation, shopping in stores, using his smart phone, fish, crochet, and watching movies and YouTube during. *Id*. (citing 20 C.F.R. § 416.929(c)(3)(i); *Tommasetti*, 533 F.3d at 1039 (an ALJ can validly consider a claimant's daily activities when evaluating symptom testimony); *Ahearn*, 988 F.3d at 1117 (affirming the ALJ's discounting of the claimant's symptom testimony where the claimant could play video games, watch television, use a library computer a few times per week, use public transportation, shop at stores, perform personal care and household chores, and socialize with others); *Burch v.*

*Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (the ALJ reasonably discounted the claimant's symptom testimony by explaining that her activities, including caring for her personal needs, cooking, cleaning, managing finances, and interacting with others, suggested she was "quite functional")).

The Court concurs with Defendant and finds no merit to any of Plaintiff's objections to the ALJ's assessment of his testimony. The ALJ pointed to substantial evidence to support finding that the objective medical evidence was inconsistent with the severity of limitations alleged by Plaintiff. *See*, AR 280-282, 362, 366, 368, 370, 373, 394-395, 400-401, 461, 469, 477. In addition, the Court further finds the ALJ's determination that medical opinions pre-dating the relevant period in the case at bar are not helpful is a legally valid reason to reject them. *See*, *Carmickle*, 533 F. 3d at 1165 (9th Cir. 2008)("Medical opinions that predate the alleged onset of disability are of limited relevance."); *Rangrej v. Berryhill*, 728 Fed. Appx. 612, 614 (9th Cir. 2018)("The ALJ properly rejected Dr. Baldridge's March 2011 opinion because it predated the relevant period and relied on Rangrej's self-reports."). Finally, the ALJ's findings that Plaintiff's allegations about the reasons he stopped working were inconsistent with the truth and that his activity level and social life indicate he is far more functional than he claims to be are clear and convincing reasons to reject Plaintiff's testimony, and are supported by substantial evidence.

**B. Lay Witness Evidence**

On June 4, 2020 state-agency interviewer C. Hann completed a telephonic interview with Plaintiff and completed a disability application for him. AR 270. On a portion of the form inviting interviewer "observations" such as "the claimant's behavior, appearance, grooming, degree of limitations, etc." C. Hann wrote:

> He would have to clarify and repeat my questions, he was having trouble understanding what I was asking for. For example I asked where to get medical information from and he kept trying to give me a person that handles his housing

and saying she had it all. I had to break it down "do you go to any doctors?" yes "where do you see those doctors?" and it was like a lightbulb and he would **go "oh! That's what you meant!" and answered my question. He did this at various points during the interview.** At one point when we were talking about past jobs he said he had trouble with comprehension however it took a while to get that word out because he finally said "I don't know it... sounds kind of like concentration... I have a problem with that too but this is different.." I threw out **"comprehension?"** and he said "yes! that's it!"

AR 270 (emphasis added).

The ALJ stated that she "considered" C. Hann's observations. AR 31. Nevertheless, Plaintiff argues the ALJ erred "by failing to account for C. Hann's observations in her residual functional capacity assessment." Dkt. 10 at 15.

Defendant responds that C. Hann "did not endorse any restrictions beyond what the ALJ already included in the RFC" and in any event the difficulty with comprehension described by C. Hann was accounted for by the ALJ including in the RFC that Plaintiff was limited to "moderate difficulties in understanding, remembering, or applying information", as well as the ability to perform only simple, routine, and repetitive tasks without only simple work-related decisions. Dkt. 15 at 16 (citing AR 25, 27, 87, 89, 100, 103-104).

The Court concurs with Defendant that the ALJ was not required to articulate how she considered this lay witness evidence. *See*, 20 C.F.R. §§ 416.902(e) (public agency employees are nonmedical sources), 416.920c(d); *see*, *Fryer v. Kijakazi*, Case No. 21-36004, 2022 WL 17958630, at *3 n.1 (9th Cir. Dec. 27, 2022) ("it is clear [ALJs] are no longer required to articulate [lay witness evidence] in their decisions"). In addition, the Court finds the ALJ's RFC accounts for C. Hann's observations.

**C. Medical Evidence**

Plaintiff argues the ALJ wrongly rejected some of the medical evidence.

1. Medical Evidence Regulations

Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) …". 20 C.F.R. §§ 416.1520c(1) and 416.920c(a). Instead, ALJs must consider every medical opinion or prior administrative medical findings in the record and evaluate each opinion's persuasiveness using a list of factors listed. *See*, 20 C.F.R. §§ 416. 1520(c)(a) and 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id*. ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. §§ 416.1520c(b)(2) and 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant … objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also*, 20 C.F.R. § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent … with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also*, 20 C.F.R. § 416.920c(c)(2).

2. Analysis

   a. William Wilkinson, Ed.D.

On January 15, 2020 William Wilkinson, Ed.D. (Wilkinson) performed a psychological evaluation of Plaintiff. The ALJ described the evaluation as follows:

> The claimant complained of having longstanding mental health problems with a history of receiving mental health treatment. Ex. C1F/1. He complained of experiencing **depression and anxiety symptoms like low energy, decreased motivation, constant worrying, and difficulties being in crowds**. Ex. C1F/1-3. He also **reported receiving special education services in school**. Ex. C1F/2, 3. However, he confirmed that **he had been off Zoloft** medication "for some time." Ex. C1F/2. He also confirmed **living in a supportive housing community for the**

        **homeless**. Ex. C1F/2. During the mental status examination, Dr. Wilkinson noted that the claimant presented with tired, old appearing clothing with soiled jeans. Ex. C1F/5. The doctor also noted that the claimant described his **mood as "[p]retty moderately good today."** Ex. C1F/5. He observed that the claimant **demonstrated little emotion, but engage[d] in a cooperative manner with full eye contact**. Ex. C1F/5. The claimant **was alert, oriented, attentive, and slow to respond**. Ex. C1F/5. His **memory, fund of knowledge, and concentration were within normal limits, but he exhibited difficulties with recalling events and number concentration tasks**. Ex. C1F/5. He exhibited **deficits in abstract reasoning, insight, and judgment**. Ex. C1F/6. The doctor diagnosed major depressive disorder, unspecified anxiety disorder, and learning disorders by history with suspected mild intellectual disability. Ex. C1F/3.

AR 28 (emphasis added).

        The ALJ found Wilkinson's opinion "partially persuasive". AR 30. The ALJ acknowledged that Wilkinson's opinion was supported by some of the evidence garnered during his examination of Plaintiff, but found his conclusions about Plaintiff's marked mental limitations unpersuasive under the consistency factor because Wilkinson's conclusions were at odds with Plaintiff's "positive response to treatment" and his capacity to work and engage in an extensive range of other day-to-day activities during the relevant period. AR 30-31.

        Plaintiff argues the ALJ's assessment of Wilkinson is "tainted by her failure to consider and evaluate any of the medical opinions from prior to 2020" and by "failing to acknowledge that [] Wilkinson's January 2020 opinion is consistent with his January 2019 opinion" as well as opinions considered and rejected in Plaintiff's past denied disability claims. Dkt. 10 at 7-8. In addition, Plaintiff contends the fact he had a positive response to treatment "does not undermine [] Wilkinson's overall opinion" and that "Wilkinson's opinion is fully consistent with [Plaintiff's] limited activities." Dkt. 10 at 8.

        Defendant responds that the lack of consistency between Plaintiff's admitted improvement throughout the relevant period—during which Plaintiff routinely described his psychiatric symptoms as only a one, two, or three out of ten—and Wilkinson's January 2020

1  opinion, was a sufficient basis for the ALJ to find that opinion unpersuasive. Dkt. 15 at 9 (citing
2  AR 28-31, 372, 377, 390, 401, 402, 469, 471, 472-473). Defendant also contends the ALJ
3  properly concluded Wilkinson's January 2020 opinion was inconsistent with Plaintiff's
4  documented daily activities and work during the relevant period, wherein he reported he was
5  able to work for a friend "mowing and weeding and stuff", and look for other employment—all
6  while he was allegedly disabled. *Id*. (citing AR 31, 362, 473-74, 477, 481).

The Court concurs with Defendant and finds the ALJ's assessment of Wilkinson's 2020 opinion was based on substantial evidence, including but not limited to Plaintiff's significant improvement throughout the relevant period *See*, AR 372, 377, 390, 401, 402, 469, 471, 472-473. For the reasons discussed below, the Court also finds no merit to Plaintiff's insistence that the ALJ erred by not referencing Wilkinson's January 2019 opinion.

b.  *Previous Medical Evidence*

The ALJ noted that the record contains "additional opinion evidence from the following individuals: Dr. Wilkinson (January 2019 evaluation); R. Renee Eisenhauer, Ph.D. (January 2019 review); Terilee Wingate, Ph.D. (January 2017 evaluation); and Alysa Ruddell, Ph.D. (March 2015 evaluation)" but that he did not "evaluate the persuasiveness of these opinions because

> because they address the claimant's functioning well before May 27, 2020, the amended alleged onset date of disability. As such, **they are not helpful in evaluating the claimant's functioning during the relevant period**. In addition, the previous Administrative Law Judge decisions addressed some of these opinions, and the decisions are administratively final.

AR 32 (emphasis added).

Plaintiff argues the ALJ wrongly rejected Wilkinson's 2013 and 2019 opinions, Ruddell's 2015 opinion, Wingate's 2017 opinion, and Eisenhauer's 2019 opinion. Dkt. 10 at 2-6. According to Plaintiff, these opinions show his "impairments and limitations are longstanding, and they have significantly limited him for many years". *Id*. at 6.

Defendant responds that "Plaintiff cannot plausibly assert that the ALJ wrongly adopted the previous ALJ's findings regarding [] Ruddell's and [] Wingate's unpersuasive opinions given that the Ninth Circuit expressly affirmed [the ALJ's and this Court's previous rejection of them] in its February 2021 precedential order ([AR]184-86)." Dkt. 15 at 8 (citing AR 32, 145, 147).

The Court has already concluded, above, that the ALJ did not err by finding medical evidence outside the relevant period irrelevant in the case at bar. In addition the Court concurs with Defendant that evidence previously rejected by this Court with affirmation by the Ninth Circuit need not be revisited. *See*, AR 184-186. Specifically, the Ninth Circuit affirmed the ALJ's rejection of Ruddell and Wingate's opinions in *Ahearn v. Saul*, 988 F.3d 1111, 1118 (9th Cir. 2021). Therefore, Plaintiff's contention that the ALJ should have reconsidered Ruddell and Wingate's opinions in the case at bar is incongruous with the doctrine of *res judicata*. Accordingly, the Court finds no merit to Plaintiff's objection to the ALJ's treatment of previous medical evidence.

## V. CONCLUSION

For the foregoing reasons the Court hereby AFFIRMS Defendant's decision denying benefits.

Dated this 30th day of June, 2023.

David W. Christel
United States Magistrate Judge